1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD BRUCE THOMPSON,

11            Plaintiff,                    No. 2:12-cv-1084-EFB

12        vs.

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

14
              Defendant.              <u>ORDER</u>
15   _____/

16        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying his application for a period of disability and Disability Insurance

18   Benefits ("DIB") under Title II of the Social Security Act.  The parties' cross-motions for

19   summary judgment are pending.  For the reasons discussed below, the court grants plaintiff's

20   motion for summary judgment and remands the matter for further proceedings.

21   I.   <u>BACKGROUND</u>

22        Plaintiff protectively filed for a period of disability and DIB on September 2, 2008,

23   alleging that he had been disabled since July 25, 2008.  Administrative Record ("AR") 206-210.

24   Plaintiff's application was initially denied on November 25, 2008, and upon reconsideration on

25   June 5, 2009.  *Id*. at 154-158, 160-165.  On June 1, 2010, a hearing was held before

26   administrative law judge ("ALJ") Sandra K. Rogers.  *Id*. at 35-50.  Plaintiff was represented by

counsel at the hearing, at which he and a Vocational Expert ("VE") testified. *Id.*

On July 26, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(I), 223(d), and 1614(a)(3)(A) of the act.[1] *Id.* at 20-30. The ALJ made the following specific findings:

1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since July 25, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease, obesity, a history of substance abuse and depression (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert,* 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

* * *

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

* * *

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is moderately limited in his ability to carry out, understand and remember detailed instructions and moderately limited in the ability to complete a workday or workweek without interruptions from psychologically-based symptoms, with moderately being defined as it is in the dictionary as being within reasonable or average limits, not extreme.

* * *

6.      The claimant is capable of performing past relevant work as a warehouse worker.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7.      The claimant has not been under a disability, as defined in the Social Security Act, from July 25, 2008, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 22-30.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 14-15, and on February 21, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-4.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

1    The findings of the Commissioner as to any fact, if supported by substantial evidence, are

2 conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

3 more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

4 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

5 support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

6 *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

7    "The ALJ is responsible for determining credibility, resolving conflicts in medical

8 testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

9 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

10 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

11 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

12 III.   <u>ANALYSIS</u>

13    Plaintiff argues that the ALJ erred in (1) failing to fully account for her finding of

14 plaintiff's moderate limitations in concentration, persistence, or pace and in social functioning,

15 (2) rejecting the opinion of plaintiff's examining physician regarding plaintiff's limitations in

16 completing a workday and workweek, (3) discrediting plaintiff's subjective complaints, (4)

17 determining that plaintiff could return to his past relevant work, and (5) determining that there is

18 other work in the national economy that plaintiff could perform.  Pl.'s Mot. for Summ. J., ECF

19 No. 20 at 5.

20    Plaintiff first contends that the ALJ improperly assessed his residual functioning capacity

21 ("RFC").  Specifically, plaintiff claims that despite the finding that plaintiff has moderate

22 difficulties in concentration, persistence, or pace and in social functioning, the ALJ omitted these

23 difficulties from the RFC determination.  Plaintiff also contends that the ALJ should have

24 included the moderate limitation in social functioning in the hypothetical to the VE.  ECF No. 20

25 at 12.

26 /////

4

A claimant"s "residual functional capacity" is the most a claimant can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). The RFC assessment considers only functional limitations and restrictions that result from the claimant's medically determinable impairment or combination of impairments. Social Security Ruling 96-8p, 1996 SSR LEXIS 5.[2]  In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(2), (3).

Functional limitations in the broad categories of "social functioning," and "concentration, persistence, or pace," which are assessed as part of the psychiatric review technique "are not an RFC assessment." 1996 SSR LEXIS 5. Rather, such limitations are used to rate the severity of mental impairment(s) at steps two and three of the sequential evaluation process. *Id.* The RFC assessment, on the other hand, "requires a more detailed assessment by itemizing various functions contained in the broad categories," and is based on all of the relevant evidence, including "statements about what you can still do made by nonexamining physicians and psychologists." 20 C.F.R. § 416.913(c); *see also* 1996 SSR LEXIS 5.

In formulating plaintiff's RFC, the ALJ concluded that plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is moderately limited in his ability to carry out, understand and remember detailed instructions and moderately limited in the ability to complete a workday or workweek without interruptions from psychologically based symptoms, with moderately being defined as it is in the dictionary as being within reasonable or average limits, not extreme.

AR 24, 27. In crafting the RFC, the ALJ relied on Dr. Meenakshi's opinions as stated in the psychiatric review form. *See* AR 27. As stated therein, Dr. Meenakshi found that plaintiff has moderate difficulties in concentration, persistence, or pace and in social functioning. AR 378.

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy . . . . Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc) (internal quotations and citations omitted).

Plaintiff argues that despite according "substantial weight" to Dr. Meenakshi's opinions, the ALJ failed to incorporate all of Dr. Meenakshi's limitations into the RFC.  *See* AR 27. Plaintiff contends that the RFC, which accounts for plaintiff's limited abilities with respect to "detailed instructions," does not fully account for plaintiff's acknowledged difficulties with concentration, persistence or pace, and social functioning.  As discussed below, the ALJ did not err in failing to include plaintiff's moderate limitations in concentration, persistence, or pace and social functioning in the RFC assessment.

In determining whether plaintiff had a listed impairment, the ALJ specifically discussed Dr. Meenakshi's opinions regarding plaintiff's moderate difficulties with concentration, persistence, or pace and social functioning.  AR 23.  With regard to concentration, persistence, or pace, the ALJ noted that plaintiff can follow written and spoken instructions, and had no problems with memory or concentration during the psychiatric evaluation by Dr. Gerardine Gauch. AR 23.  This is consistent with Dr. Meenakshi's findings that plaintiff can understand and remember simple routines and instructions and is able to maintain and sustain concentration, persistence and pace in a work schedule.  AR 380.  Here, the RFC noted plaintiff's moderate limitations "in his ability to carry out, understand and remember detailed instructions."  AR 24. By implication, as plaintiff acknowledges, the RFC suggests that plaintiff can process and follow simple instructions.  ECF No. 20 at 11.  This restriction properly incorporates Dr. Meenakshi's opinions as to plaintiff's functional limitations in concentration, persistence, or pace.  *See Stubbs-Danielson*, 539 F.3d at 1174 (9th Cir. 2008) (ALJ's finding that plaintiff could do "simple tasks" incorporated plaintiff's pace and mental limitations); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captured claimant's deficiencies in concentration, persistence or pace); *Martin v. Astrue*, No. 2:12-cv-0033-KJN, 2013 U.S. Dist. LEXIS 19651, at *28 (E.D. Cal. Feb. 12, 2013) ("Moderate mental limitations are not necessarily inconsistent with an RFC for simple repetitive tasks, as long as such an assessment is generally consistent

1   with the concrete restrictions identified in the medical evidence," citing *Stubbs-Danielson*).

2   Thus, plaintiff has not shown that the ALJ failed to account for Dr. Meenakshi's opinion

3   concerning his limitations in concentration, persistence, or pace.

4          Plaintiff also argues that the ALJ failed to incorporate plaintiff's moderate social

5   limitations into the RFC assessment and in questioning the VE.  As noted, however, moderate

6   impairments assessed in broad functional areas used at steps two and three of the sequential

7   process do "not equate to concrete work-related limitations for purposes of determining a

8   claimant's RFC."  *See Soto v. Colvin*, No. EDCV 12-1877-OP, 2013 U.S. Dist. LEXIS 85805, at

9   *7 (C.D. Cal. June 17, 2013) (citing *Rogers v. Comm'r of SSA*, 490 Fed. Appx. 15 (9th Cir.

10  2012)).  Here, the ALJ noted that plaintiff has a few friends, spends time with his family, and

11  stated that he "always" got along well with his bosses and co-workers.  AR 23.  This is

12  consistent with Dr. Meenakshi's determination that plaintiff is able to be supervised and to

13  interact with co-workers.  AR 380.  While the ALJ also noted Dr. Meenakshi's opinion that

14  plaintiff "would benefit from limited public contact," the ALJ determined from the record that

15  plaintiff "is not limited to performing unskilled work."  AR 27; *see also Rogers v. Comm'r of*

16  *Soc. Sec.*, 2011 U.S. Dist. LEXIS 13741, at *36-37 (E.D. Cal. Jan. 25, 2011) (citing cases

17  supporting consensus that "unskilled work accommodates a need for limited contact with the

18  general public").  Based upon this record, the court finds that the RFC reflects the degree of

19  limitation that the ALJ found from Dr. Meenakshi's mental function analysis of plaintiff, and

20  from the record as a whole.  It was not necessary for the ALJ to incorporate Dr. Meenakshi's

21  specific statements into the RFC or in the questions posed to the VE.  Moreover, "[i]t is not

22  necessary to agree with everything an expert witness says in order to hold that his testimony

23  contains 'substantial evidence.'"  *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989).

24  Here, the ALJ's RFC assessment adequately captured Dr. Meenakshi's opinion that plaintiff has

25  moderate impairment in social functioning.

26  /////

1          Next, plaintiff argues that the ALJ erred in failing to articulate sufficient reasons for not

2    adopting the limitations set forth in the opinion of examining psychologist Geraldine Gauch

3    regarding completing a workday and workweek.  ECF No. 20 at 9-10.  The weight given to

4    medical opinions depends in part on whether they are proffered by treating, examining, or non-

5    examining professionals.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Ordinarily, more

6    weight is given to the opinion of a treating professional, who has a greater opportunity to know

7    and observe the patient as an individual.  *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.

8    1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to

9    considering its source, the court considers whether (1) contradictory opinions are in the record;

10   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

11   treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81

12   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

13   rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id.* at

14   830.  While a treating professional's opinion generally is accorded superior weight, if it is

15   contradicted by a supported examining professional's opinion (e.g., supported by different

16   independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d

17   1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

18   However, "[w]hen an examining physician relies on the same clinical findings as a treating

19   physician, but differs only in his or her conclusions, the conclusions of the examining physician

20   are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

21          The ALJ accorded "little weight" to Dr. Gauch's opinions that (1) plaintiff's "ability to

22   complete a normal workday and workweek without interruptions at a constant pace is poor,

23   influenced primarily by his medical condition," and (2) the likelihood of [him] emotionally

24   deteriorating in the work environment is fair, influenced primarily by his pain disorder."  AR 28.

25   The sole reason cited by the ALJ was the fact that the "record shows that the claimant is less

26   limited than he reported . . . ."  AR 28.  Without further elaboration, however, the court cannot

1    determine what plaintiff "reported" with respect to his ability to complete a normal workday and

2    workweek or with respect to his likelihood of emotionally deteriorating in the work environment.

3    Nor can the court identify which portions of the record the ALJ found to undermine such reports.

4           The opinion of an examining doctor, such as Dr. Gauch, "can be rejected only for

5    specific and legitimate reasons that are supported by substantial evidence in the record." *See*

6    *Regennitter v. Commissioner of SSA*, 166 F.3d 1294, 1298-1299 (9th Cir. 1999) (citing *Lester*,

7    81 F.3d at 830-31). To satisfy this burden, the ALJ must do more than offer her own

8    conclusions. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cal. 1988). She must set forth her "own

9    interpretation and explain why they, rather than the doctors', are correct." *Id.* at 421-22; *see also*

10   *Regenniter*, 166 F.3d at 1299 ("The ALJ can meet this burden by setting out a detailed and

11   thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation

12   thereof, and making findings."). Here, rather than identifying specific evidence that undermines

13   the limitations assessed by Dr. Gauch, the ALJ merely offered the conclusory statement that

14   plaintiff "is less limited than he reported." AR 28. This type of conclusory statement is

15   deficient, in that it fails to articulate "specific and legitimate reasons" for rejecting an examining

16   doctor's opinions. *See, e.g., Regenniter*, 166 F.3d at 1299 (merely stating that a medical opinion

17   is not supported by "sufficient objective findings" does not achieve the level of specificity

18   required, even when the objective factors are listed).

19          Accordingly, the ALJ erred by failing to provide legally sufficient reasons for rejecting

20   the opinion of Dr. Gauch with respect to plaintiff's ability to complete a workday and workweek.

21   The general rule in this circuit is that "[w]here the Commissioner fails to provide adequate

22   reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as

23   a matter of law.'" *Lester*, 81 F.3d at 834. At the hearing, the VE testified that an individual of

24   plaintiff's age, education, and work experience who is capable of medium work, with the

25   /////

26   /////

9

1   limitations assessed by Dr. Gauch, would be precluded from all work, including past relevant

2   work.[3]  AR 48-49.

3         Remand for calculation of benefits is appropriate because the VE's testimony establishes

4   that had the limitations identified by Dr. Gauch been adopted, a hypothetical individual with

5   those limitations would not have been capable of performing past relevant work or other jobs.

6   AR 48-49; *see Smolen*, 80 F.3d at 1292 (holding that remand for an award of benefits is

7   appropriate "where (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the]

8   evidence, (2) there are no outstanding issues that must be resolved before a determination of

9   disability can be made, and (3) it is clear from the record that the ALJ would be required to find

10  the claimant disabled were [the] evidence credited").  As in *Smolen*, there are no remaining

11  issues that need to be resolved regarding plaintiff's eligibility for benefits.

12  IV.  <u>CONCLUSION</u>[4]

13        The court finds that the ALJ's failed to apply the proper legal standards in evaluating the

14  medical opinion evidence.  Therefore, IT IS ORDERED that:

15        1.  Plaintiff's motion for summary judgment is granted;

16        2.  The Commissioner's cross-motion for summary judgment is denied;

17        3.  The Clerk is directed to enter judgment in plaintiff's favor; and

18  /////

19  /////

20  /////

---

21

22    [3]  The ALJ specifically found that plaintiff had the RFC to perform light work, while the
hypotheticals posed to the VE involved an individual with the ability to perform medium work.

23  This discrepancy does not change the court's findings.  The VE testified that the hypothetical
individual with the limitations assessed by Dr. Gauch would not be able to perform any work.

24  The regulations specify that "[i]f someone can do medium work, we determine that he or she can
also do sedentary and light work"  20 C.F.R. §§ 404.1567(c), 416.967(c).  Thus, the hypothetical
posed to the VE included medium, as well as light and sedentary work.

25

26    [4]  In light of the decision to remand, the court declines to adjudicate plaintiff's additional
challenges to the ALJ's decision.

   4.  The matter is remanded for payment of benefits.

DATED:  September 25, 2013.


                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

11