1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

RONALD BRUCE THOMPSON,

No.  2:12-cv-1084-EFB

12

Plaintiff,

13

v.

ORDER

14

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

15

16

Defendant.

17

18

 Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19

award of attorney fees in the amount of $26,080.50, which totals 25 percent of past benefits due

20

to plaintiff.[1]  ECF No. 33.  Plaintiff entered into a retainer agreement with plaintiff's counsel

21

which states that he would pay counsel 25 percent of any past-due benefits won as a result of the

22

appeal in this case.  ECF No. 33-3.  Counsel spent 34.9 professional hours on plaintiff's case.

23

ECF No. 33-4.

24

 42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

25

26

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment

27

---

28

[1] Defendant takes no position on the reasonableness of plaintiff's counsel's request.  *See*
ECF No. 35.

1

2

a reasonable fee for such representation, not in excess of 25 percent
of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment.

3   Rather than being paid by the government, fees under the Social Security Act are awarded

4   out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),

5   *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).

6   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

7   must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09

8   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

9   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

10   agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must

11   show that the fee sought is reasonable for the services rendered." *Id*. at 807.

12   After this court found plaintiff to be disabled, he was awarded past-due benefits in the

13   amount of $104,322.00. ECF No. 33-2. Plaintiff's request for 25 percent of that amount, or

14   $26,080.50, would constitute an hourly rate of $747.29. Although the hourly rate appears to be

15   higher than rates typically awarded pursuant to section 406(b), the court must take into account

16   the risk of loss taken in representing plaintiff, the quality of counsel's representation, and

17   counsel's experience in the field of Social Security law. Here, after careful consideration of those

18   factors, the court finds the overall fee sought here to be reasonable. *See Hearn v. Barnhart*, 262

19   F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on

20   hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00); *Mondello*

21   *v. Astrue*, No. Civ S-04-973 DAD, 2009 WL 636542, at * 2 (E.D. Cal. March 11, 2009)

22   (awarding fees that represented a rate of approximately $801.00 per hour). Further, given the

23   result achieved in this case, the court finds the amount of hours expended to be reasonable.

24   Counsel concedes that the $26,080.50 award should be offset in the amount of $6,100.00

25   for fees previously awarded under the Equal Access to Justice Act ("EAJA"). Accordingly,

26   counsel will be granted $19,980.50 pursuant to 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at

27   796 (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney

28   must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 33) is granted; and

2. Plaintiff's counsel is awarded $19,980.50 in fees pursuant to 42 U.S.C. § 406(b).

DATED:  May 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE